TODD KIM
Assistant Attorney General
LESLIE M. HILL (D.C. Bar No. 476008)
Leslie.Hill@usdoj.gov
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M Street N.E., Suite 4.149
Washington D.C. 20001
Telephone (202) 514-0375

*Attorneys for Defendant*

ROBERT UKEILEY, Admitted *Pro Hac Vice*
CENTER FOR BIOLOGICAL DIVERSITY
1536 Wynkoop St., Ste. 421
Denver, CO 80202
Tel: (720) 496-8568
Email: rukeiley@biologicaldiversity.org

[additional attorneys for Plaintiffs included in signature block]

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL S. REGAN, in his official capacity as the Administrator of the United States Environmental Protection Agency, <br><br> Defendant. | Case No. 4:21-cv-06166-JST <br><br> **[PROPOSED] CONSENT DECREE** |

WHEREAS, on August 11, 2021, Plaintiffs Center for Biological Diversity, Center for Environmental Health, and Sierra Club (collectively, "Plaintiffs") filed the above-captioned matter against Michael S. Regan, in his official capacity as the Administrator of the United States Environmental Protection Agency (hereinafter "EPA" or "Defendant") (Dkt. No. 1) ("Compl.");

WHEREAS, Plaintiffs allege that EPA has failed to undertake certain non-discretionary duties under the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401-7671q, and that such alleged failure is actionable under CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2);

WHEREAS, on June 2, 2010, pursuant to CAA section 109(a)(1), 42 U.S.C. § 7409(d)(1), the EPA Administrator signed a notice promulgating a final rule revising the primary National Ambient Air Quality Standards for sulfur dioxide, *Final Rule*, 75 Fed. Reg. 35,520 (June 22, 2010) (the "2010 $SO_2$ NAAQS");

WHEREAS, on July 25, 2013, pursuant to CAA section 107(d), 42 U.S.C. §§ 7407(d), the EPA Administrator signed a notice promulgating a final rule to establish initial air quality designations for the 2010 $SO_2$ NAAQS, *Final Rule*, 78 Fed. Reg. 47,191 (Aug. 5, 2013) (the "initial 2010 $SO_2$ designations");

WHEREAS, the initial 2010 $SO_2$ NAAQS designations became effective on October 4, 2013, *id.* at 47,191;

WHEREAS, on June 30, 2016, pursuant to CAA section 107(d), 42 U.S.C. §§ 7407(d), the EPA Administrator signed a notice promulgating a final rule to establish additional air quality designations for the 2010 $SO_2$ NAAQS, *Final Rule*, 81 Fed. Reg. 45,039 (July 12, 2016) (the "Round 2 2010 $SO_2$ designations");

WHEREAS, the Round 2 2010 $SO_2$ designations became effective on September 12, 2016, *id.* at 45,039;

WHEREAS, pursuant to CAA section 191(a), 42 U.S.C. § 7514(a), states that contain areas that are designated nonattainment after November 15, 1990, are required to provide SIP submissions to EPA within 18 months of the effective date of designations, i.e. by April 4,

2015 for the initial 2010 SO$_2$ designations, and by March 12, 2018 for the Round 2 2010 SO$_2$ designations;

WHEREAS, pursuant to CAA section 110(k)(1)(B), 42 U.S.C. § 7410(k)(1)(B), EPA must then determine whether a State's submittal is complete within six months after EPA receives the submission, and if EPA does not determine completeness of the plan or revision within six months, then the submittal is deemed complete by operation of law after six months, *id.*;

WHEREAS, pursuant to CAA section 110(k)(2)-(4), 42 U.S.C. § 7410(k)(2)-(4), EPA is required to approve in whole or in part, disapprove, or conditionally approve in whole or in part, each plan or revision, within 12 months of a determination of completeness by EPA or a submittal deemed by operation of law to be complete;

WHEREAS, pursuant to 42 U.S.C. § 7410(c)(1), EPA must "promulgate a Federal implementation plan [("FIP")] at any time within 2 years after the Administrator-- (A) finds that a State has failed to make a required submission or finds that the plan or plan revision submitted by the State does not satisfy the minimum criteria established under subsection (k)(1)(A) of this section, or (B) disapproves a [SIP] submission in whole or in part, unless the State corrects the deficiency, and the Administrator approves the plan or plan revision, before the Administrator promulgates such [FIP];"

WHEREAS, on February 3, 2020, Maryland submitted a nonattainment SIP for the Anne Arundel County and Baltimore County, MD (Anne Arundel County (part) and Baltimore County (part)), nonattainment area for the 2010 SO$_2$ NAAQS and the SIP submittal was determined to be complete on March 18, 2020;

WHEREAS, in Claim 1, Plaintiffs alleges that EPA has failed to perform a duty mandated by CAA sections 110(k)(2)-(4), 42 U.S.C. §§ 7410(k)(2)-(4), to take final action to approve or disapprove, in whole or in part, certain 2010 primary SO$_2$ NAAQS nonattainment SIP submissions addressing the following element or elements under 42 U.S.C. §§ 7502 or 7514a, from the state and area listed below, *see* Compl. ¶¶ 34-38:

| State | Nonattainment Area | Element(s) Addressed in State Implementation Plan |
|---|---|---|
| Maryland | Anne Arundel County and Baltimore County, MD (Anne Arundel County (part) and Baltimore County (part)), nonattainment area (codified at 40 C.F.R. § 81.321) | (1) Attainment demonstration pursuant to 42 U.S.C. § 7502(c) ("Attainment Demonstration"); (2) Contingency measure requirements pursuant to 42 U.S.C. § 7502(c)(9) ("Contingency Measures"); (3) Base year emissions inventory requirements pursuant to 42 U.S.C. § 7502(c)(3) ("Emissions Inventory"); (4) Nonattainment new source review plan requirements pursuant to 42 U.S.C. § 7502(c)(5) ("NNSR"); (5) Reasonably available control technology and reasonably available control measures pursuant to 42 U.S.C. § 7502(c)(1) ("RACT/RACM"); and (6) Reasonable further progress requirements pursuant to 42 U.S.C. § 7502(c)(2) ("RFP"). |

WHEREAS, EPA found that Michigan failed to submit a nonattainment SIP for the Detroit, MI (Wayne County (part)) nonattainment area for the 2010 $SO_2$ NAAQS, *Final Rule*, 81 Fed. Reg. 14,736, 14,738 (Mar. 18, 2016) (effective April 18, 2016);

WHEREAS, on May 31, 2016, Michigan submitted a nonattainment SIP for the Detroit, MI (Wayne County (part)) nonattainment area for the 2010 $SO_2$ NAAQS, which Michigan later supplemented on June 30, 2016;

WHEREAS, on March 19, 2021, EPA partially approved and partially disapproved Michigan's nonattainment SIP submittal, *Final Rule*, 86 Fed. Reg. 14,827 (Mar. 19, 2021), in which EPA approved the Emissions Inventory and NNSR elements and disapproved the Attainment Demonstration, Contingency Measures, RACT/RACM, and RFP elements of the Michigan nonattainment SIP submittal;

WHEREAS, in Claim 2, Plaintiffs allege that EPA has failed to perform a duty mandated by CAA section 110(c)(1)(B), 42 U.S.C. § 7410(c)(1)(B), to promulgate a FIP for the following state and nonattainment area addressing the following elements under 42 U.S.C. §§ 7502 or 7514a for the 2010 primary $SO_2$ NAAQS, *see* Compl. ¶¶ 40-46:

| State/Area | Nonattainment Area | Element(s) |
|---|---|---|
| Michigan | Detroit, MI (Wayne County (part)) (codified at 40 C.F.R. § 81.323) | (1) Attainment Demonstration; (2) Contingency Measures; (3) RACT/RACM; and (4) RFP. |

WHEREAS, the relief requested in the Complaint includes, among other things, an order from this Court to establish a date certain by which EPA must fulfill its obligations;

WHEREAS, Plaintiffs and EPA have agreed to a settlement of this action without admission of any issue of fact or law, except as expressly provided herein;

WHEREAS, Plaintiffs and EPA, by entering into this Consent Decree (the "Consent Decree"), do not waive or limit any claim, remedy, or defense, on any grounds, related to any final EPA action;

WHEREAS, Plaintiffs and EPA consider this Consent Decree to be an adequate and equitable resolution of all claims in this matter and therefore wish to effectuate a settlement;

WHEREAS, it is in the interest of the public, Plaintiffs, EPA, and judicial economy to resolve this matter without protracted litigation;

WHEREAS, Plaintiffs and EPA agree that this Court has jurisdiction over the matters resolved in this Consent Decree pursuant to the citizen suit provision in CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2), and that venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(e) and Civil L.R. 3-2(c)-(d); and

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the CAA;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issues of fact or law, and upon the consent of Plaintiffs and Defendant EPA, it is hereby ordered, adjudged and decreed that:

1. The appropriate EPA official shall:

    a. sign a notice of final rulemaking to approve, disapprove, conditionally approve, or approve in part and conditionally approve or disapprove in part, the nonattainment SIP submitted on February 3, 2020, and determined by EPA to be complete on March 18, 2020, pursuant to sections 110(k)(2)-(4) of the CAA, 42 U.S.C. §§ 7410(k)(2)-(4), no later than the date indicated below for the following state, area, and elements of sections 172(c) and 192, 42 U.S.C. §§ 7502(c) or 7514a, for the 2010 $SO_2$ NAAQS:

| State | Nonattainment Area | Element(s) Addressed in State Implementation Plan | Deadline |
|---|---|---|---|
| Maryland | Anne Arundel County and Baltimore County, MD (Anne Arundel County (part) and Baltimore County (part)), nonattainment area (codified at 40 C.F.R. § 81.321) | (1) Attainment Demonstration; (2) Contingency Measures; (3) Emissions Inventory; (4) NNSR; (5) RACT/RACM; and (6) RFP. | October 31, 2022 |

    b. sign a notice of final rulemaking to approve a revised SIP submission, to promulgate a FIP, or to approve in part a revised SIP submission and promulgate a partial FIP no later than the date indicated below for the following state, area, and elements of sections 172(c) and 192, 42 U.S.C. §§ 7502(c) or 7514a, for the 2010 $SO_2$ NAAQS:

| State/Area | Nonattainment Area | Element(s) | Deadline |
|---|---|---|---|
| Michigan | Detroit, MI (Wayne County (part)) (codified at 40 C.F.R. § 81.323) | (1) Attainment Demonstration; (2) Contingency Measures; (3) RACM/RACT; and (4) RFP | September 30, 2022 |

2. If EPA issues a clean data determination for any nonattainment area listed above in Paragraph 1, then EPA's obligation to take action on a nonattainment SIP submission or promulgate a FIP addressing the Attainment Demonstration, Contingency Measures, RACT/RACM, and RFP elements, is automatically terminated. If EPA issues a redesignation

to attainment for any nonattainment area listed above in Paragraph 1, then EPA's obligation to take action on a nonattainment SIP submission or promulgate a FIP addressing the Attainment Demonstration, Contingency Measures, Emissions Inventory, NNSR, RACT/RACM, and RFP elements, is automatically terminated.

3. If Maryland withdraws its SIP submission addressing any or all of the elements listed above in Paragraph 1.a, then EPA's obligation to take the action required by Paragraph 1.a with respect to those elements is automatically terminated unless Plaintiffs move the Court to address EPA's obligation in light of the withdrawn submittal. If Plaintiffs file such a motion, EPA's obligation to act on the withdrawn portion of the submittal is stayed pending resolution of said motion. EPA shall notify Plaintiffs within fifteen business days of receiving a written request from Maryland to withdraw a SIP submission addressing any or all of the elements listed in Paragraph 1.a. Nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim, remedy, or defense, on any grounds, related to EPA's obligation in the event that Maryland withdraws a SIP submission addressing any or all of the elements listed above in Paragraph 1.a. and Plaintiffs file a motion pursuant to this Paragraph. If EPA signs a finding of failure to submit for the withdrawn submittal while such a motion is pending, Plaintiffs shall withdraw its motion.

4. EPA shall, within 15 business days of signature, send the rulemaking package for each action taken pursuant to Paragraph 1 of this Consent Decree to the Office of the Federal Register for review and publication in the *Federal Register*.

5. After EPA has completed the actions set forth in Paragraph 1 of this Consent Decree, after notice of each final action required by Paragraph 4 have been published in the *Federal Register*, and the issue of costs of litigation (including reasonable attorney fees) has been resolved, EPA may move to have this Decree terminated. Plaintiffs shall have fourteen (14) days in which to respond to such motion, unless the parties stipulate to a longer time for Plaintiffs to respond.

6. The deadlines established by this Consent Decree may be extended (a) by written stipulation of Plaintiffs and EPA with notice to the Court, or (b) by the Court upon motion of

EPA for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by Plaintiffs and any reply by EPA. Any other provision of this Consent Decree also may be modified by the Court following motion of an undersigned party for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by a non-moving party and any reply.

7. If a lapse in EPA appropriations occurs within one hundred twenty (120) days prior to a deadline in Paragraphs 1 or 4 in this Decree, that deadline shall be extended automatically one day for each day of the lapse in appropriations. Nothing in this Paragraph shall preclude EPA from seeking an additional extension of time through modification of this Consent Decree pursuant to Paragraph 6.

8. Plaintiffs and EPA agree that this Consent Decree constitutes a complete settlement of all claims as described in Paragraph 1.

9. In the event of a dispute between Plaintiffs and EPA concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice, via electronic mail or other means, outlining the nature of the dispute and requesting informal negotiations. These parties shall meet and confer in order to attempt to resolve the dispute. If these parties are unable to resolve the dispute within ten (10) business days after receipt of the notice, either party may petition the Court to resolve the dispute.

10. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of Court shall be properly filed unless the procedure set forth in Paragraph 9 has been followed, and the moving party has provided the other party with written notice received at least ten (10) business days before the filing of such motion or proceeding.

11. The deadline for filing a motion for costs of litigation (including attorney fees) for activities performed prior to entry of the Consent Decree is hereby extended until ninety (90) days after this Consent Decree is entered by the Court. During this period, the Parties shall seek to resolve any claim for costs of litigation (including attorney fees), and if they cannot, Plaintiffs will file a motion for costs of litigation (including attorney fees) or a stipulation or

motion to extend the deadline to file such a motion. EPA reserves the right to oppose any such request. The Court shall retain jurisdiction to resolve any requests for costs of litigation, including attorney fees.

12. This Court shall retain jurisdiction over this matter to enforce the terms of this Consent Decree and to consider any requests for costs of litigation (including attorney fees).

13. Nothing in the terms of this Consent Decree shall be construed (a) to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1), including final action take pursuant to section 110(c) of the CAA, 42 U.S.C. § 7410(c), promulgating a FIP or section 110(k) of the CAA, 42 U.S.C. § 7410(k), approving, disapproving, or approving in part and disapproving in part a SIP submittal, or (b) to waive any claims, remedies, or defenses that the parties may have under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1).

14. Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the Clean Air Act or by general principles of administrative law in taking the actions which are the subject of this Consent Decree, including the discretion to alter, amend, or revise any final actions promulgated pursuant to this Consent Decree. EPA's obligation to perform each action specified in this Consent Decree does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

15. Except as expressly provided herein, nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim, remedy, or defense, on any grounds, related to any final action EPA takes with respect to the actions addressed in this Consent Decree.

16. Plaintiffs reserve the right to seek additional costs of litigation (including reasonable attorney fees) incurred subsequent to entry of this Consent Decree. EPA reserves the right to oppose any such request for additional costs of litigation (including attorney fees).

17. It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiffs and EPA. Accordingly, the parties hereby agree that any and all rules of

construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

18. The parties agree and acknowledge that before this Consent Decree can be finalized and entered by the Court, EPA must provide notice of this Consent Decree in the *Federal Register* and an opportunity for public comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g). After this Consent Decree has undergone notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any written comments in determining whether to withdraw or withhold their consent to the Consent Decree, in accordance with CAA section 113(g). If the Administrator and/or the Attorney General do not elect to withdraw or withhold consent, EPA shall promptly file a motion that requests that the Court enter this Consent Decree.

19. Any notices required or provided for by this Consent Decree shall be in writing, via electronic mail or other means, and sent to the following (or to any new address of counsel as filed and listed in the docket of the above-captioned matter, at a future date):

For Plaintiffs Center for Biological Diversity and Center for Environmental Health:

Robert Ukeiley
Center for Biological Diversity
1536 Wynkoop St., Ste. 421
Denver, CO 80202
Tel: (720) 496-8568
Email: rukeiley@biologicaldiversity.org

For Plaintiff Sierra Club:

Zachary Fabish
Staff Attorney
Sierra Club Environmental Law Program
50 F St. NW, 8th Floor
Washington, DC 20001
Tel: (202) 675-7917
Email: Zachary.fabish@sierraclub.org

<u>For Defendant EPA</u>:        Leslie M. Hill
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M Street N.E., Suite 4.149
Washington D.C. 20001
Tel. (202) 514-0375
Email: leslie.hill@usdoj.gov

20. EPA and Plaintiffs recognize and acknowledge that the obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

21. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either party and the terms of the proposed Consent Decree may not be used as evidence in any litigation between the parties.

22. The undersigned representatives of Plaintiffs and Defendant EPA certify that they are fully authorized by the party they represent to consent to the Court's entry of the terms and conditions of this Decree.

IT IS SO ORDERED on this _____ day of _____, 2022.

_____
JON S. TIGAR
UNITED STATES DISTRICT JUDGE

COUNSEL FOR PLAINTIFFS:

/s Robert Ukeiley (email authorization 2/7/22)
ROBERT UKEILEY, Admitted Pro Hac Vice
CENTER FOR BIOLOGICAL DIVERSITY
1536 Wynkoop St., Ste. 421
Denver, CO 80202
Tel: (720) 496-8568
Email: rukeiley@biologicaldiversity.org

Jonathan Evans (Cal. Bar #247376)
CENTER FOR BIOLOGICAL DIVERSITY
1212 Broadway, Suite 800
Oakland, CA 94612
Phone: 510-844-7100
Fax: 510-844-7150
Email: jevans@biologicaldiversity.org

*Attorneys for Plaintiffs*

COUNSEL FOR DEFENDANT:

/s Leslie M. Hill
LESLIE M. HILL (D.C. Bar No. 476008)
United States Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
4 Constitution Square
150 M Street N.E., Suite 4.149
Washington D.C. 20001
Tel. (202) 514-0375
Email: Leslie.Hill@usdoj.gov

*Attorneys for Defendant EPA*

Of counsel:

Mike Thrift
Office of General Counsel
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460